**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery T. Hausauer,<br><br>              Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>              Defendants. | No. CV-20-00653-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Jeffery T. Hausauer's First Amended Complaint ("FAC"). (Doc. 7.) Plaintiff's original Complaint (Doc. 1) was screened pursuant to 28 U.S.C. § 1915(e)(2) and dismissed. (Doc. 6.) The FAC is also subject to screening and will be dismissed in part. Because portions of the FAC survive the screening, the Court will allow service of the FAC.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action,

1  supported by mere conclusory statements, do not suffice." *Id.*

2  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

**BACKGROUND**

On April 1, 2020, Plaintiff filed the Complaint (Doc. 1) and applied for leave to proceed in forma pauperis (Doc. 2).  On May 26, 2020, the Court granted leave to proceed in forma pauperis and dismissed the Complaint.  (Doc. 6.)

On June 9, 2020, Plaintiff filed the FAC.  (Doc. 7.)  The FAC includes the same four counts as the original Complaint: (1) deliberate indifference to medical needs, in violation of the Fourteenth Amendment (*id.* at 4-8); (2) a Fourteenth Amendment claim of

"coercion" (*id.* at 8-9); (3) a common law tort claim for "assault and battery as a result of coercion" (*id.* at 9-10); and (4) a violation of the right to equal protection under the Fourteenth Amendment (*id.* at 10-12). The FAC also includes a separate count "against the City of Mesa and Police Department." (*Id.* at 12-14.)

## ANALYSIS

The Fourteenth Amendment "coercion" claim was dismissed with prejudice (Doc. 6 at 5), so it was improper for Plaintiff to reassert this claim in the FAC. It is again dismissed.

The Fourteenth Amendment equal protection claim was dismissed from the original Complaint without prejudice because, although Plaintiff alleged that his medical conditions are disabilities that make him a member of a protected class, he failed to "allege that any Defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class." (*Id.* at 4.) The FAC alleges, in a conclusory manner, that Defendants targeted Plaintiff due to his "status of the protected senior citizen class" (Doc. 7 at 1), but this conclusory allegation will not suffice in the absence of any facts suggesting that Defendants' actions were based on Plaintiff's age. It does not appear that Plaintiff can allege facts demonstrating an intent or purpose to discriminate against him based on his membership in a protected class. Plaintiff's Fourteenth Amendment equal protection claim is dismissed with prejudice.

The remaining claims, liberally construed, are not subject to dismissal at the screening stage, without prejudice to the Defendants' ability to file a motion to dismiss under Rule 12(b)(6).

Accordingly,

**IT IS ORDERED** that the Fourteenth Amendment "coercion" and equal protection claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the FAC may be served. Service by waiver or service of the summons and complaint shall be at government expense on the defendant by the U.S. Marshal or his authorized representative. The Court directs the following:

1) The Clerk of Court must send Plaintiff a service packet including the FAC (Doc. 7), this Order, and both summons and request for waiver forms for the Defendants.

2) Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint, the action may be dismissed. Fed. R. Civ. P. 4(m).

4) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

Dated this 17th day of June, 2020.

_____
Dominic W. Lanza
United States District Judge