**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery T Hausauer, | No. CV-20-00653-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

In this action, *pro se* Plaintiff Jeffrey T. Hausauer ("Plaintiff") alleges that, after he was involved in an automobile accident in April 2019, six members of the Mesa Police Department arrived at the scene, prevented medical personnel from proving assistance to him, threatened him with weapons, and forced the driver of the vehicle that had hit him to get back into her car and drive over him "several more times." (Doc. 7.) Although the Court recognized that these allegations were "improbable," it declined to dismiss the complaint at the pleading stage. (Doc. 21 at 7-11.)

In the Rule 26(f) report, both sides agreed (with one exception not applicable here) that the fact discovery period should extend until July 31, 2021. (Doc. 28 at 9.) The Court accepted the parties' agreement on this point and set July 31, 2021 as the fact-discovery deadline in the Rule 16 scheduling order. (Doc. 31 at 2.) Notwithstanding this, it appears that Plaintiff took no steps to pursue discovery before the deadline expired. (Doc. 35 at 2 ["To date, plaintiff has not disclosed a single document, and he has not conducted any discovery in this case."].)

Now pending before the Court is the defendants' motion for summary judgment. (Doc. 35.) In response, Plaintiff has filed what appears to be a combined opposition to the defendants' motion and Rule 56(d) request for leave to pursue additional discovery before responding. (Doc. 42.) Both motions are addressed below.

I.  Motion For Summary Judgment

   A.  **Legal Standard**

"The court shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors*, 771 F.3d at 1125 (internal quotation marks omitted).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "If . . . [the] moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103.

"If the nonmoving party fails to produce enough evidence to create a genuine issue

of material fact, the moving party wins the motion for summary judgment." *Id.* There is no issue for trial unless enough evidence favors the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). At the same time, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254. Thus, "the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.* at 255.

B.   **Discussion**

The summary judgment analysis in this case is straightforward. In their motion, the defendants contend that both of Plaintiff's remaining claims against them—(1) a § 1983 claim premised on deliberate indifference to medical needs, in violation of the Fourteenth Amendment, and (2) a state-law claim for assault and battery (Doc. 21 at 6-7)—necessarily fail because "none of the defendant-officers touched, harmed, threatened, or endangered the plaintiff in any way" and "none of the defendant-officers interacted with the plaintiff in any way at the accident scene." (Doc. 35 at 8, emphasis omitted.) Each defendant has also provided a declaration confirming the absence of any harm, threats, or interaction. (Docs. 36-1, 36-2, 36-3, 36-4, 36-5, 36-6.)[1]

In his response, Plaintiff objects to the defendants' declarations on the ground that

---

[1] The Court notes that the defendants submitted a separate statement of facts in support of their summary judgment motion. (Doc. 36.) This approach was improper under the scheduling order: "Local Rule of Civil Procedure 56.1 is suspended, except for subsection (d). The Court will decide summary judgment motions under Federal Rule of Civil Procedure 56 only. In other words, the parties may not file separate statements of facts or separate controverting statements of facts, and instead must include all facts in the motion, response, or reply itself. All evidence to support a motion or response that is not already part of the record must be attached to the briefs." (Doc. 31 at 5.) Nevertheless, because the defendants' declarations themselves were attached to the separate statement, and the declarations are clearly sufficient to meet the defendants' initial burden of production, the Court will overlook this procedural misstep.

1   they are "Not Notarized." (Doc. 42 at 4-5.) As the defendants correctly explain in their reply (Doc. 43 at 5-6), this objection is unavailing—because the declarations were signed under penalty of perjury, they are properly before the Court. *See, e.g., Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertellv v. Medfit Int'l, Inc.*, 982 F.2d 686, 689 (1st Cir. 1993) (citing 28 U.S.C. § 1746).

Because the defendants' declarations are properly before the Court, and because the declarations are sufficient to meet the defendants' initial burden of production, the burden shifted to Plaintiff to "produce evidence to support [his] claim." *Nissan Fire & Marine,* 210 F.3d at 1103. Plaintiff failed to do so—he did not attach any evidence to his response (not even a declaration avowing to the facts alleged in the complaint).[2] Thus, the defendants are entitled to summary judgment.

II.   Plaintiff's Rule 56(d) Request

In his response to the defendants' summary judgment motion, Plaintiff includes a "Motion to Extend Discovery," a "Motion[] . . . to Order City of Mesa to Allow Plaintiff Pre-Deposition Contact with its Employees," and a "Motion[] . . . to Order the Defense to Depose All Witnesses." (Doc. 42.) Liberally construed, these requests seem to amount to a request under Rule 56(d) of the Federal Rules of Civil Procedure for leave to pursue additional discovery before responding to the defendants' summary judgment motion.

This request is denied for three independent reasons. First, it is untimely. "A motion under Rule 56(d) should be made before the close of discovery." *Miyares v. City of New York*, 2013 WL 3940816, *2 n.3 (S.D.N.Y. 2013). Here, as noted, fact discovery closed on July 31, 2021 (which is the deadline that Plaintiff originally requested). Although the motion states that Plaintiff was hospitalized for two days in February 2021 due to

---

[2]   Under Ninth Circuit law, if a plaintiff "is pro se, [the court] must consider as evidence in his opposition to summary judgment all of [his] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Here, although Plaintiff is proceeding *pro se*, he has never attested under penalty of perjury, in any of his filings in this case (Docs. 1, 7, 19, 24, 25, 39, 40, 42), that the factual allegations in the complaint (Doc. 7) are true and correct.

- 4 -

pneumonia and COVID-19 symptoms, and further states in vague fashion that Plaintiff is awaiting hip replacement surgery (which has not yet been scheduled), no explanation is provided for why Plaintiff waited until after the close of the discovery period to seek relief. *Cf. Gonzalez v. Garibay*, 2012 WL 12875366, *4 (S.D. Cal. 2012) ("Since Garibay's motion was not filed until two-and-a-half months after discovery ended, . . . . the Court DENIES Gonzalez's untimely and unsupported request for relief under Rule 56(d)."). This omission is particularly noteworthy because the Court remarked, when denying an earlier (but still untimely) request by Plaintiff to reopen discovery, that he had not provided any "discussion of the discovery-related steps, if any, he took before he began experiencing the asserted health complications" and had not identified "the specific discovery-related steps that [he] was prevented from completing . . . due to his health complications." (Doc. 41.)

Second, the motion is procedurally deficient. Rule 56(d) provides that "[i]f a nonmovant *shows by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* (emphasis added). Put another way, a "party seeking to delay summary judgment for further discovery . . . . must show that: (1) it has *set forth in affidavit form* the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (cleaned up) (emphasis added) (emphasis omitted). Here, Plaintiff has failed to submit the required affidavit or declaration. This, alone, precludes relief. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("[Rule 56(d)] requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements . . . is a proper ground for denying discovery and proceeding to summary judgment.").

Third, even if the Court were to overlook this procedural deficiency and treat the motion as Plaintiff's declaration, relief would still be unwarranted. The motion makes no

effort to identify the additional facts Plaintiff believes he would uncover through the requested discovery processes (such as recovering video footage from Home Depot, *see* Doc. 42 at 6) and makes no effort to explain why those unspecified missing facts are essential for opposing the defendants' summary judgment arguments. Such a showing is a prerequisite to relief under Rule 56(d). *See, e.g.*, *Ohno v. Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) ("[I]t is not enough to rely on vague assertions that discovery will produce needed, but unspecified, facts.") (internal quotation marks omitted); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) ("In making a [Rule 56(d)] motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment.") (internal quotation marks omitted); 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 56, at 173 (2021) ("A general or conclusory assertion that additional discovery is needed will not suffice.").

Accordingly, **IT IS ORDERED** that:

(1) The defendants' motion for summary judgment (Doc. 35) is **granted**.

(2) Plaintiff's motion to extend discovery (Doc. 42) is **denied**.

(3) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 10th day of September, 2021.

Dominic W. Lanza
United States District Judge